NATIONAL STANDARDS ENFORCEMENT AGENCY

1  DEE THOMAS MURPHY

2  CITIZEN / INTERESTED PERSON

3  1802 COMBAT DR.

   LAKE HAVASU CITY, ARIZONA 86403

4  T: (775) 848-8800

5  E-MAIL: TOM@RECLAMATOR.NET

6  PREPRESENTING PLAINTIFFS

7  - IN PRO PER -

8

9

10

11



FILED
RECEIVED
LODGED
COPY

JUL 1 4 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ Z DEPUTY

# UNITED STATES DISTRICT COURT OF ARIZONA

CIV'10 81 2 2 PCT     DKD

15  **THE PEOPLE OF THE UNITED STATES OF**
16  **AMERICA; NATIONAL STANDARDS**
    **ENFORCEMENT AGENCY; AND DEE**
17  **THOMAS MURPHY,** INTERESTED PERSON
    AND CITIZEN OF THE UNITED STATES OF
18  AMERICA,

19              Plaintiffs,

20     v.

21  **ARIZONA STATE; CLYDE ALLEN**
22  **ANDRESS; CHARLES YAGER ,** CITIZENS OF
    LAKE HAVASU CITY, ARIZONA; and DOES 1
23  through 50, inclusive,

24              Defendants.

Case No:

**COMPAINT AND MOTION FOR:**

**EMERGENCY DECLARATORY RELIEF
AND PERMANENT INJUNCTION; AND
EMERGENCY WRIT OF MANDAMUS;
ENVIRONMENTAL TERRORISM WITH
INTENT TO COMMIT KNOWING
ENDANGERMENT TO PUBLIC HEALTH,
WELFARE AND LIVELIHOOD.**

25

26

27

28

**JURISDICTION**

This Court has jurisdiction under 33 U.S.C § 1365(a) over violations of any effluent standard or limitation established pursuant to 33 U.S.C. Chapter 26 – Water Pollution Prevention and Control effective July 1, 1973 pursuant to 33 U.S.C § 1365(f).

**VENUE**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district.   Additionally, venue is proper in this district because all events and omissions giving rise to the claims and counts of violations asserted herein occurred in this district.

**PARTIES**

Plaintiff National Standards Enforcement Agency, having address at 1409 Kingsview Dr., Granite Shoals, Texas 78654, is a legal nonprofit unincorporated entity established under the laws of Texas and organized solely to administer enforcement of "The National Green Standards of Performance, Effluent Limitation Guidelines, Categorical Pretreatment Standards & National Standards Regulations" in effect under United States Code Title 42 Chapter 55 – National Environmental Policy Act, the United States Code Title 33 Chapter 26 – Water Pollution Prevention and Control and United States Code Title 42 – The Public Health and Welfare, Chapter 133 – Pollution Prevention, as such most strict Water Quality Standards (hereinafter the "National Green Standards of Performance"), providing the greatest degree of effluent limitation and other limitation, effluent standard, prohibition, pretreatment standard and standard of performance respecting discharges of multi-media human origin at-source pollutants in the interest of public health and welfare, the preservation of State's waters, water quality and aquatic life and for the mitigation of human origin toxic pollutant discharges into such State's waters and human origin Greenhouse Gas emissions.   Plaintiff provides enforcement on behalf of and jointly with Plaintiff New Water Source Utilities – LHC, Licensee, pursuant to a Memorandum of Agreement with Plaintiff New Water Source Utilities – LHC's Licensor, New Water for Peace, a non-profit 501(c)(3) Corporation.   Plaintiff Dee Thomas Murphy is an officer

NATIONAL STANDARDS ENFORCEMENT AGENCY

**NATIONAL STANDARDS ENFORCEMENT AGENCY**

1   of the legal entity and has been appointed to receive all service and to represent the legal entity as

2   he sees fit.

3       Plaintiff Dee Thomas Murphy, *Sui Juris*, an appointed <u>Private Attorney General</u> having

4   authority pursuant to 42 U.S.C. 1988; 18 U.S.C. 1964(a); 33 U.S.C. 1321 and 1365, a qualified

5   Criminal Investigator pursuant to 18 U.S.C. 1510, and a Federal Witness pursuant to 18 U.S.C. 1512

6   – 1513, representing himself in the interest of the people of the United States of America, and

7   currently inhabiting Lake Havasu City in Mohave County of Arizona state, having an address of 1802

8   Combat Drive, Lake Havasu City 86403, is an interested person, a natural born Texan and a citizen of the

9   United States of America. Plaintiff is a sole proprietor having a Lake Havasu City Business License #10-

10  00020774 to conduct business providing a New Water Source Utility Service to the citizens within the

11  jurisdiction of Lake Havasu City to enable persons to come into compliance with the Federal

12  Environmental Laws pursuant to the National Green Standards of Performance.   Plaintiff has been a

13  professional earning his livelihood in the waste management industry for over 37 years.  Such a profession

14  strictly relies on environmental laws being successfully administered and enforced.  Upon such laws NOT

15  being administered and enforced, Plaintiff's livelihood is directly and negatively affected.  Plaintiff is the

16  inventor of the best available demonstrated pollutant technology (BADCT) for the control of pollutants and

17  having over 40 National and International Patents pertaining to said technology being issued in his name.

18  Said technology is the current best available technology which establishes the most strict effluent

19  limitation, effluent standard and pretreatment standard as is defined in the National Green Standards of

20  Performance.

21      Defendant <u>Arizona state</u> is a person who owns and operates at one source and is discharging toxic

22  pollutants throughout their jurisdiction in violation of 33 U.S.C § 1365(f) and 33 U.S.C. § 1370.

23  Defendant is unlawfully discharging pollutants from said property absent of federally required at-source

24  control and containment for such pollutants consistent with best available technology prior to discharging

25  such pollutants either into a publicly owned treatment works or into an underground excavation via an

26  unlawful septic system in violation of, at a minimum, the Federal Water Law known as the Clean Water Act

of 1972 and adopted as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a) and is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is thereby posing a threat to public health and welfare and to the States drinking water quality.  Despite any of that, the Defendant defies his requirements under Federal Environmental Laws and continues to willfully and knowingly cause unlawful discharges daily.  Legal description of Defendant's property (the source of discharge of pollutants) is Arizona state.  Arizona state has been served a Cease and Desist Order (See Exhibit A)

Defendant <u>Clyde Allen Andress</u> is a person who owns and operates a source and is discharging toxic pollutants, such source having a property address of <u>3715 Totem Drive, Lake Havasu City, Mohave AZ 86406</u>.  Defendant is unlawfully discharging pollutants from said property absent of federally required at-source control and containment for such pollutants consistent with best available technology prior to discharging such pollutants either into a publicly owned treatment works or into an underground excavation via an unlawful septic system in violation of, at a minimum, the Federal Water Law known as the Clean Water Act of 1972 and adopted as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a) and is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is thereby posing a threat to public health and welfare and to the States drinking water quality.  Despite any of that, the Defendant defies his requirements under Federal Environmental Laws and continues to willfully and knowingly cause unlawful discharges daily. Legal description of Defendant's property (the source of discharge of pollutants) is: TRACT: 2201 BLK 12 LOT 11.  PARCEL NUMBER:  111-15-201A.  Clyde Allen Andress has been served a Cease and Desist Order (See Exhibit B)

Defendant <u>Charles Yager</u> is a person who owns and operates a source and is discharging toxic pollutants, such source having a property address of <u>2579 Mariner Ln. 86403</u>.  Defendant is unlawfully discharging pollutants from said property absent of federally required at-source control and containment for such pollutants consistent with best available technology prior to discharging such pollutants either into a publicly owned treatment works or into an underground excavation via an unlawful septic system and or a direct connect to a sewer absent Congressionally mandated application of at-source control in violation of, at a minimum, the Federal Water Law known as the Clean Water Act of 1972 and adopted as United States

1   Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and

2   more specifically 33 U.S.C § 1311(a) and is committing a felony violation pursuant to 33 U.S.C §

3   1365(f) and is thereby posing a threat to public health and welfare and to the States drinking water quality.

4   Despite any of that, the Defendant defies his requirements under Federal Environmental Laws and continues

5   to willfully and knowingly cause unlawful discharges daily. Legal description of Defendant's property (the

6   source of discharge of pollutants) is: PARCEL NUMBER:  108-17-130.  Charles has been served a

7   Cease and Desist Order (See Exhibit C)

8

9                                          **INTRODUCTION**

10          Defendants refuse to act in a lawful manner in compliance with the at-source control

11  requirements under United States Code Title 33 Chapter 26 § 1311(a) and which is defined as an

12  unlawful act pursuant to United States Code Title 33 Chapter 26 § 1365(f) not to comply.

13          This action is taken as the last measure of enforcement against environmental terrorism as

14  defined in The National Green Standards of Performance, Effluent Limitation Guidelines, Categorical

15  Pretreatment Standards & National Standards Regulations, the new Water Quality Standards

16  established pursuant to the United States Congressional Declaration of Purpose defined in United

17  States Code Title 33 Chapter 26 § 1281.

18          This action is initiated in the interest of achieving the National goal of the Clean Water Act

19  of 1972, to eliminate all discharges of all pollutants at-source. Objectives as defined in United States

20  Code Title 33 Chapter 26 – Pollution Prevention and Control that are required in order to achieve the

21  National goal of the Clean Water Act of 1972, are:

22          1) to eliminate all discharges of all pollutants where possible

23          2) to contain all pollutants at each source so as to prevent them from migrating to cause

24              water and other environmental pollution

25          3) to recycle and reuse the water to reduce sewage flows and associated sewer user fees

26          4) to reduce the demand on public drinking water supplies

27          5) eliminate all discharges into navigable waters by 1985

28

NATIONAL STANDARDS ENFORCEMENT AGENCY

NATIONAL STANDARDS ENFORCEMENT AGENCY

6) provide for federal financial assistance (federal grants) to achieve the goals of the Clean Water Act, such goal to eliminate all discharges of all pollutants utilizing innovative technology at the source

7) control all nonpoint sources by controlling both point sources and nonpoint sources, i.e. eliminate pollution at the source so as it does not contribute to nonpoint sources, i.e. public sewers and septic systems.

8) to establish sustainable alternative new water sources

9) to eliminate all wasting of water through implementing facilities for recycle and reuse

10) to eliminate all nonpoint sources of pollution such as public sewers and septic systems.

In order for these objectives to be achieved, the Defendants must be required to comply with federal laws and cease all discharges [from their property] of all multi-media pollutants to air, water and land in compliance with the nondiscretionary requirements of federal environmental laws. The most desirable method is that each individual person (as the owner and or operator of such source) agrees to comply with the laws and choose to assume responsibility for the control of his or her own pollutants produced at their source, but realistically that just isn't going to happen without some method of persuasion.

It is common that most people don't like spending money to managing their own "waste" if they don't have to, thus the reason for the United States Congress to design the plan for which the requirement for Pollution Prevention and Control could be achieved in the interest the public, public health and welfare and our resources by political subdivisions requiring and assisting in the development of such projects and make applications as provided for by policy of the Clean Water Act of 1972 under United States Code Title 33 Chapter 26 § 1251(a)(4) to acquire the federal financial assistance (federal grants) to construct the project.

The Clean Water Act of 1972 requires, pursuant to United States Code Title 33 Chapter 26 § 1370, that an administrative entity or authority representing the public, such as the President of the United States, the US EPA, State Governor, state pollution control agency, a political subdivision's council, etc., "adopt" and "enforce" the most strict standards to administer within their jurisdictional sphere of influence, i.e. boundaries of nation, state, county, city or a person's legal parcel. A source

is any parcel having a legal description and under the specific influence of any political entity or private person, such source being a source of a pollutant or a source of pollutants.

Alternatively, if a state or political subdivision fails to act under their fiduciary duty in compliance with United States Code Title 33 Chapter 26 § 1370, every person, such as the Defendants, are still individually subject to compliance under the requirements of the federal laws pursuant to United States Code Title 33 Chapter 26 § 1311 and in the interest of public health and welfare and for the protection and preservation of our Nation's waters, such as all navigable waters, ground waters, underground waters, surface waters and any other fresh drinking water supplies, and the ocean, or be construed as impairing states waters and be subject to enforcement actions pursuant to United States Code Title 33 Chapter 26 § 1319.

**Background**

This required action is taken as a direct result of failed governance at all levels of the United States of America refusing to recognize their nondiscretionary obligation to administer toward the achievement of the objectives of the Federal Water Law referred to as the "Chapter", i.e. Title 33 Chapter 26 – Water Pollution Prevention and Control (aka "Clean Water Act of 1972") pursuant to the Congressional Declaration of Purpose as prescribed in such Chapter.

However, the governance at all levels, federal, state and political subdivision ("local"), established to administer the Chapter in the interest of the public in general and specifically to the benefit of the public health and welfare to result from administrative compliance with the requirements of the Chapter in order to achieve the objectives of the Chapter, has not only failed miserably, but all levels, do blatantly and knowingly refuse to consider public health and welfare and the requirements to restore and preserve the physical, biological and chemical integrity of our Nation's waters.

This claim is not a theory. The purpose of the formation of the independent agency known as the USEPA and commissioned via agreement in 1970 by President Nixon to supposedly administer the United States environmental laws, was really for the purpose of "hijacking" the Clean Water Act scheduled to be adopted into law in 1972 by Congress. This is a commonly known fact by most all stakeholders in the wastewater industry that were around during that time. The reasoning was to

NATIONAL STANDARDS ENFORCEMENT AGENCY

maintain "status quo" to keep the economic benefits derived from "big pipe" waste management practices, i.e. publicly owned treatment works ("sewers"), being received by the current (post 1972) wastewater industry stakeholders, i.e. engineering firms, equipment suppliers, States, political subdivisions, special interest groups, etc., such economic benefits that would surely cease upon the Clean Water Act's adoption by the United States Congress in 1972. The Clean Water Act, upon proper adoption, administration and enforcement, meant the eventual end of waste management practices which utilized publicly owned treatment works, i.e. sewers consisting of a system of collection and centralized treatment. The Clean Water Act required at-source control of all point sources of pollutants, even before any property / source were to discharge into a publicly owned treatment works, i.e. public sewer. At-source control meant there would no longer be any legal justification to create a revenue stream from sewer use fees because sewer user would become a thing of the past because all waste management would be provided by innovative alternatives or innovative pretreatment control technologies located at-source and the services to eliminate all discharges of all pollutants, i.e. sewage flows, would be provided by private businesses, not public. After July 1, 1973, a "sewer user" was to become only a thing associated with past waste management practices. At-source control meant there would no longer be any justification to charge people to take the people's reclaimed water, i.e. effluent (produced by an innovative pretreatment alternative) anymore as all States had laws in place that clarified reclaimed water, such from an at-source control technology, is a resource of value. Consequently, reclaimed water is subject to be purchased if taken by any third party, to include political subdivisions. Administering of the Clean Water Act would preclude public entities form taking literally billions of gallons of water each day form individual sources to serve their own benefits, economic and otherwise.

At-source control meant there would no longer be any legal justification to create a revenue stream from public sewer expansion projects for the big pipe stakeholders as all control of sewage flows would occur at each source to provide for recycle and reuse of reclaimed water to serve the benefit of the original consumer and owner / operator of the source and to thereby reduce the demand on public water supplies. The pre-Clean Water Act wastewater management industry practices, practices that were to change upon the adoption of the Clean Water Act of 1972, had

become "big business" for industry stakeholders and government at all levels. Local governments had come to rely on wastewater related revenue to provide for up to 50% of their annual operating budgets.

If the Clean Water Act, upon its adoption into U.S. Code by the United States Congress in 1973 was to be administered in order to achieve its objectives, all control of pollutants (sewage / pollution) would be accomplished at-source, i.e. private property, by private enterprise.

All previously related stakeholders and government entities who had thrived for decades on this big pipe industry would realize their destiny of virtual demise.

All the waste management practice business benefits being realized by the big pipe stakeholders (prior to adoption of the Clean Water Act of 1972), upon adoption of the Clean Water Act of 1972 into law by the United States Congress, was to be transferred over to private enterprise who offered the best available demonstrated control technology ("BADCT"). Such at-source BADCT technology that would, where possible, achieves a standard that would eliminate all discharges of all pollutants, the National Goal as defined pursuant to 33 U.S.C §§ 1316 and 1311(k).

Recent public confirmation and acknowledgment to the knowing governance negligence and in regard to the U.S. EPA administering, i.e. require states and political subdivisions to adopt and enforce, the Federal Water Laws pursuant to the United States Code Title 33 Chapter 26 was by Alexis Strauss, Director, Water Division, U.S. EPA Region 9, Pacific Southwest, at a Conference in San Francisco on September 17, 2009 when she admittedly confirmed that the U.S. EPA does not recognize nor enforce United States Code Title 33 Chapter 26. Such a confession of such a federal violation by an administrator should be handled by the United States Attorney General initiating the appropriate actions against all responsible for knowingly committing an act of "Environmental Terrorism" as defined in the National Green Standards of Performance, violating a statutory directive to administer the Chapter pursuant to 33 U.S.C § 1251(d). The U.S. EPA Director Strauss' acknowledgement was witnessed by President Obama's Task Force Team for Ocean Policy, one member being Peter S. Silva, Assistant Administrator for Water, U.S. Environmental Protection Agency. The United States Congress, with the development and upon adoption of the Clean Water Act of 1972, intended the governance at all federal, state and political subdivision levels [for each

"person" to], in the interest of the public health and welfare, cease all discharges of any pollutants except as provided for pursuant to 33 U.S.C § 1311(a) which states:

> **(a) Illegality of pollutant discharges except in compliance with law**
> Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful.

This "peoples law", i.e. the United States Code Title 33 Chapter 26 ("Chapter") was assigned by the United States Congress pursuant to their adoption of the Clean Water Act of 1972 as the United States Code Title 33 Chapter 26 to be administered by the United States Environmental Protection Agency pursuant to statute 33 U.S.C § 1251(d), which states:

> **(d) Administrator of Environmental Protection Agency to administer chapter**
> Except as otherwise expressly provided in this chapter, the Administrator of the Environmental Protection Agency (hereinafter in this chapter called "Administrator") shall administer this chapter.

The Chapter assigned to the USEPA or any private citizen of the United States of America to administer requiring that "any person", i.e. the owner(s) and or operator(s) of any source (at a minimum, a building having a toilet) of a discharge of a pollutant or a discharge of pollutants (includes all pollutants, toxic and otherwise) act to eliminate all point sources of discharges of "any pollutant" at each individual "person's" residential, nonresidential, industrial and to include all municipal point sources of discharge at each such source or point source of discharge of any pollutant by required implementation of the best available demonstrated "at-source" control technology beginning on July 1, 1973 which would be construed to be an unlawful act if such "person(s)" failed to comply pursuant to 33 U.S.C § 1365(f) which states:

> **(f) Effluent standard or limitation**
> For purposes of this section, the term "effluent standard or limitation under this chapter" means
> **(1)** effective July 1, 1973, an unlawful act under subsection (a) of section 1311 of this title;
> **(2)** an effluent limitation or other limitation under section 1311 or 1312 of this title;
> **(3)** standard of performance under section 1316 of this title;
> **(4)** prohibition, effluent standard or pretreatment standards under section 1317 of this title;
> **(5)** certification under section 1341 of this title;
> **(6)** a permit or condition thereof issued under section 1342 of this title, which is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title); or
> **(7)** a regulation under section 1345 (d) of this title,.[1]

Beginning July 1, 1973 pursuant to 33 U.S.C § 1365(f), it became unlawful for States and political subdivisions, under authority vested in them pursuant to 33 U.S.C § 1370 – State Authority, to NOT adopt and enforce the most strict effluent standard or effluent limitation respecting discharges of multi-media pollutants and to adopt and enforce any requirement respecting control and abatement of all at-source pollutant discharges throughout their jurisdiction. Upon a political subdivision's failure to act in conformance with requirements pursuant to 33 U.S.C § 1370 means such state administrative authorities are to be construed as impairing or in any manner affecting any right or jurisdiction of the States with respect to the waters (including boundary waters) of such States and such unlawful act by such a public servant subject to a duty of care and having a strict liability shall be considered as a knowing endangerment violation subject to enforcement action pursuant to United States Code Title 33 Chapter 26 § 1319(c)(3)(A). The National Green Standards of Performance identifies such a felony violation as "Environmental Terrorism".

### FIRST CAUSE OF ACTION

**(Fraud – Concealment Against Defendants and DOES 1 through 50, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants refuse to acknowledge and are hiding the fact that they are currently discharging toxic pollutants from their source in violation of 33 U.S.C § 1311(a).

Defendants refuse to acknowledge and are hiding the fact that they are currently discharging toxic pollutants from their source, such pollutants to be identified as, but not limited to, those pollutants, or combinations of pollutants, including disease-causing agents (viruses), which after discharge and upon exposure, ingestion, inhalation or assimilation into any organism, either directly from the environment or indirectly by ingestion through food chains, will cause death, disease, behavioral abnormalities, cancer, genetic mutations, physiological malfunctions (including malfunctions in reproduction) or physical deformations, in such organisms or their offspring. Examples of the "toxic pollutants" from Defendants' sources are:

- Nitrosamine precursors, i.e. ammonia, nitrite and nitrate

- Pharmaceuticals and personal home care products

- Disease carrying pathogens

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SECOND CAUSE OF ACTION

**(Breach of Fiduciary Duty Against Defendants and DOES 1 through 50, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants owe fiduciary duties to Plaintiffs and all other Citizens of the Community to stop unlawful discharges of toxic pollutants causing threats to public health, public welfare and ultimately to the Community's public drinking water supplies in direct violation of 33 U.S.C § 1311(a).

Defendants owe fiduciary duties to the Plaintiffs and additionally the Citizens of the Community to confess to their acts of the felony violations and take immediate action, as leaders in the Community to as expediently as practicable, to come into compliance with the requirements of federal laws to contain all toxic pollutants at their source so as to prevent them form migrating to cause water and other environmental pollution.

Defendants owe fiduciary duties to Plaintiffs and to all people of the world to stop all discharges of toxic and deadly Greenhouse Gas emissions that are emitting from their unlawful sewage management system.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION

**(Violation of Public Trust Against Defendants and DOES 1 through 50, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants are violating public trust by discharging toxic and hazardous waste in violation of Public Law 92-500.

NATIONAL STANDARDS ENFORCEMENT AGENCY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### (Insubordination Against Defendants and DOES 1 through 50, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants are acting in defiance of their obligations to cease all discharges of all pollutants as persons from their source.

Defendants are acting insubordinate to their obligations to comply with 33 U.S.C § 1311(a) in the interest of public health and welfare, causing a threat to such public health and welfare as the result of their insubordination.

Defendants' acts of insubordinate are directly affecting the livelihood of the Plaintiffs and the Citizens of the Community.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### (Constructive Fraud – Extortion Against Defendants and DOES 1 through 50, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants are actively conspiring with others in the Community to conceal the truth about the Lake Havasu City sewer extortion committed against the Citizens of the Community despite his duty of care and sworn statement to uphold the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

### (Environmental Malfeasance Against Defendants and DOES 1 through 50, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

NATIONAL STANDARDS ENFORCEMENT AGENCY

Defendants are guilty of committing all causes of actions herein and blatantly refuse to cease doing so, knowingly committing ongoing acts of environmental malfeasance.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

**(Environmental Terrorism With Intent to Commit Knowing Endangerment to Public Health, Welfare and Public Livelihood Against Defendants and DOES 1 through 50, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants have known of their toxic discharges for several years, yet refuse to take action to cease their toxic and harmful discharges of pollutants form their source in compliance with federal law and continue discharging from their source(s) daily causing ongoing treats to the public health and the environment.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and DOES 1 through 50, inclusive, as follows:

ON THE FIRST CAUSE OF ACTION:

1. That this court provide a Declaration that Defendants, as Citizens of the United States of America, are required pursuant to 33 U.S.C § 1311(a) to control their discharges in compliance with the National Green Standards of Performance or be liable pursuant to 33 U.S.C § 1365(f);

2. For an award of civil damages for Plaintiff National Standards Enforcement Agency;

3. For this court to order punishment against Defendants pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of the Chapter, and knowingly introducing into a sewer system or into an underground

NATIONAL STANDARDS ENFORCEMENT AGENCY

excavation any pollutants which Defendants knew or reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from July 1. 1983 and by imprisonment for not more that 3 years per day of violation or both, pursuant to 33 U.S.C. 1319(c).

ON THE SECOND CAUSE OF ACTION:

1. That this court take this opportunity to make an example of the Defendants and decree that Defendants honor their fiduciary duties to the Plaintiffs and the Citizens of the Community and confess to their acts of felony violations and take immediate action, as leaders in the Community to immediately come into compliance with the requirements of federal laws to contain all toxic pollutants at their source so as to prevent them from migrating to cause water and other environmental pollution.

ON THE THIRD CAUSE OF ACTION:

1. That this court orders Defendants to immediately resign as public servants resulting form his violation of the public trust.

ON THE FOURTH CAUSE OF ACTION:

1. For this court to order punishment against Defendants for insubordination to Federal Laws pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of the Chapter, and knowingly introducing into a sewer system or into an underground excavation any pollutants which Defendants knew or

NATIONAL STANDARDS ENFORCEMENT AGENCY

reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from July 1. 1983 and by imprisonment for not more that 3 years per day of violation or both, pursuant to 33 U.S.C. 1319(c).

ON THE FIFTH CAUSE OF ACTION:

1. For this court to issue a judgment against Defendants for actively conspiring with others in the Community to conceal the truth about the Lake Havasu City sewer extortion committed against the Citizens of the Community despite their duty of care.

2. For this court to issue such a judgment suited to make an example of Defendants to deter others from engaging in similar misconduct.

ON THE SIXTH CAUSE OF ACTION:

1. For this court to issue a judgment that Defendants, as persons, are subject to compliance with the Federal Law as the supreme law of the land.

2. For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct.

ON THE SEVENTH CAUSE OF ACTION:

1. For this court to order punishment against Defendants for insubordination to Federal Laws pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of the Chapter, and knowingly introducing into a sewer

**COMPLAINT AND MOTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

system or into an underground excavation any pollutants which Defendants knew or reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from July 1. 1983 and by imprisonment for not more that 3 years per day of violation or both, pursuant to 33 U.S.C. 1319(c).

2. For general damages in an amount to be proven at trial plus prejudgment interest thereon at the legal rate;

3. For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct.

4. For damages caused Plaintiffs by the inconvenience and time suffered by Plaintiffs leading up to Plaintiffs having to take this action, starting upon the date of issuance of License to do implement a New Water Source Utility service, beginning October 7, 2009.

FOR ALL CAUSES OF ACTION:

1. Enjoin Defendants immediately to cease terrorizing and intimidating Plaintiff Dee Thomas Murphy.

2. For such other and further relief as the court may deem proper.

## VERIFICATION

I, Dee Thomas Murphy, *Sui Juris*, hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above

statements of fact are true and correct, to the best of My current information, knowledge, and belief, so help Me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause.

Dated: July 14, 2010                      Respectfully submitted,

DEE THOMAS MURPHY, *SUI JURIS*
Private Attorney General
National Standards Enforcement Agency

By:

DEE THOMAS MURPHY, Plaintiff
In Propria Persona

NATIONAL STANDARDS ENFORCEMENT AGENCY

NATIONAL STANDARDS ENFORCEMENT AGENCY

1

**PEOPLE V. ARIZONA STATE**
2                              **SERVICE  LIST**

3

4      Arizona state
5      1700 West Washington
       Phoenix, AZ 85007
6
       Clyde Allen Andress
7      3715 Totem Dr.
       Lake Havasu City, AZ 86406
8
       Charles Yager
9      2579 Mariner Ln.
10     Lake Havasu City, AZ 86403

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**NATIONAL STANDARDS ENFORCEMENT AGENCY**
**ADMINISTRATOR**
**(Authority pursuant to 18 U.S.C. §§ 1964(a), 1510, 1512-1513 and 33 U.S.C. § 1365)**
**1409 Kingsview Drive**
**Granite Shoals, TX 78654**

**CEASE AND DESIST ORDER NO. 10-0507-AZ**
**Issued this 7th day of May, 2010**
**UNDER AUTHORITY PURSUANT TO**
**33 U.S.C. §§ 1319 & 1365**

**COMPLIANCE ORDER REQUIRING**
**ARIZONA STATE, HEREAFTER "DISCHARGER"**
**1700 West Washington**
**Phoenix, AZ 85007**
**USPS CERTIFIED # 7010 0290 0002 2228 9792**
**PUBLIC OFFICIAL: ☐ No ☒ Yes; DATE OF OATH OF OFFICE: UNK**
**TO CEASE AND DESIST FROM DISCHARGING IN VIOLATION OF:**

**33 U.S.C. §§ 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, OR 1345 OF THE UNITED STATES CODE TITLE 33 CHAPTER 26 - WATER POLLUTION PREVENTION AND CONTROL ("CHAPTER"), OR ANY CONDITION OF LIMITATION IMPLEMENTING ANY OF SUCH SECTIONS IN A PERMIT ISSUED UNDER SECTION 1342 OR ANY REQUIREMENT IMPOSED IN A PRETREATMENT PROGRAM APPROVED UNDER SECTION 1342(a)(3) OR 1342(b)(8) OF THE CHAPTER, OR NEGLIGENTLY OR KNOWINGLY INTRODUCES INTO A SEWER SYSTEM OR INTO A PUBLICLY OWNED TREATMENT WORKS ANY POLLUTANT OR HAZARDOUS SUBSTANCE WHICH SUCH PERSON ("DISCHARGER") KNOWS OR REASONABLY SHOULD HAVE KNOWN COULD CAUSE PERSONAL INJURY OR PROPERTY DAMAGE, HEREIN AFTER COLLECTIVELY REFERRED TO AS "33 U.S.C. § 1365(f)".**

The National Standards Enforcement Agency (hereinafter "Administrator") finds:

1. The above named Discharger, having authority authorized under 33 U.S.C. § 1370, is unlawfully discharging pollutants pursuant to 33 U.S.C. § 1365(f).

2. Case identifier and legal description of said discharging source in violation is:

| | |
|---|---|
| Permit? | ☐ No ☒ Yes; (Issuing Agency: STATE ADEQ / USEPA) |
| Source of Violation: | ARIZONA STATE; PUBLICLY OWNED TREATMENT WORKS ABSENT PRETREATMENT REQUIREMENTS IMPLIMENTED / OWTS ABSENT BADCT REQUIREMENTS CONSTITUTING UNLAWFUL DISCHARGES ARIZONA STATE/JURISDICTION – WIDE VIOLATIONS |
| Street Address: | 1700 West Washington, Phoenix, AZ 85007; Owner ☒ Operator ☒; Source, Residential ☒ or Commercial ☒ |
| Type of Discharge: Violation Start Date: | ☒ OWTS; ☒ POTW; Other: APPROX 3 MILLION UNLAWFUL DISCHARGES |
| Total Days of Discharge Violation: | OVER 33 YEARS UNLAWFUL; Currently discharging? ☒ Yes 12,000 PLUS |

3. The discharge herein referenced is subject to compliance with statutes of 33 U.S.C. § 1251 et seq. (aka Clean Water Act) and more specifically 33 U.S.C. § 1311(a) pursuant to 33 U.S.C. § 1365(f) enforced under 33 U.S.C. § 1319.

4.  33 U.S.C. § 1311(a) states:

### (a) Illegality of pollutant discharges except in compliance with law

Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful.

5.  The above named Discharger shall comply with this order <u>within 30 days</u> pursuant to U.S.C. § 1319(a)(5)(A), hereinafter referred to as the "compliance date".

6.  Failure to comply within 30 days will require the above named Discharger to make a good faith commitment in the form of an executed contract or other securities of necessary resources to achieve compliance by the earliest possible date after the compliance date pursuant to U.S.C. § 1319(a)(5)(B).

IT IS HEREBY ORDERED THAT, pursuant to 33 U.S.C. § 1365(f), the above named person shall comply with 33 U.S.C. § 1311(a) in accordance with the following schedule:

1.  Provide an executed contract with an acceptable provider of technology, within 30 days, to enable compliance; or alternatively,

2.  Execute the Discharger's Acknowledgement to provide a lien on above legally defined property within 30 days in the amount of $25,000 to the benefit of:

> New Water Source Utilities – LHC [Bus License #10-00020774]
> PMB 107
> 1642 McCulloch Blvd. N
> Lake Havasu City, AZ 86403

Failure to execute the below "Discharger's Acknowledgement" to comply with provisions of this Order may subject the Discharger to further enforcement action and referral to the Attorney General for injunctive relief and civil and or criminal liability.

**I, Walter B. Dulin, Executive Administrator**, of the National Standards Enforcement Agency, do hereby certify the foregoing is a full, true, and correct copy of an Order adopted by the National Standards Enforcement Agency on this 7th day of May, 2010.

_____
Executive Administrator

**Discharger's Acknowledgement;
Intent to Comply:**

_____

STATE OF ARIZONA            )
                            )     SS:
COUNTY OF MOHAVE            )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010 by the above signed.

_____
Notary Public

Print Name: _____                    seal

Exhibit B

## NATIONAL STANDARDS ENFORCEMENT AGENCY
### ADMINISTRATOR
**(Authority pursuant to 18 U.S.C. §§ 1964(a), 1510, 1512-1513 and 33 U.S.C. § 1365)**
**1409 Kingsview Drive**
**Granite Shoals, TX 78654**

**CEASE AND DESIST ORDER NO. 10-0504-ANDRESS**
**Issued this 4th day of MAY, 2010**
**UNDER AUTHORITY PURSUANT TO**
**33 U.S.C. §§ 1319 & 1365**



**COMPLIANCE ORDER REQUIRING**
**CLYDE ANDRESS, HEREAFTER "DISCHARGER"**
**3715 TOTEM DR**
**LAKE HAVASU CITY, ARIZONA 86406**
**PUBLIC OFFICIAL:** ☐ No ☒ Yes; **DATE OF OATH OF OFFICE: NON-EXISTANT**
**TO CEASE AND DESIST FROM DISCHARGING IN VIOLATION OF:**

**33 U.S.C. §§ 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, OR 1345 OF THE UNITED STATES CODE TITLE 33 CHAPTER 26 - WATER POLLUTION PREVENTION AND CONTROL ("CHAPTER"), OR ANY CONDITION OF LIMITATION IMPLEMENTING ANY OF SUCH SECTIONS IN A PERMIT ISSUED UNDER SECTION 1342 OR ANY REQUIREMENT IMPOSED IN A PRETREATMENT PROGRAM APPROVED UNDER SECTION 1342(a)(3) OR 1342(b)(8) OF THE CHAPTER, OR NEGLIGENTLY OR KNOWINGLY INTRODUCES INTO A SEWER SYSTEM OR INTO A PUBLICLY OWNED TREATMENT WORKS ANY POLLUTANT OR HAZARDOUS SUBSTANCE WHICH SUCH PERSON ("DISCHARGER") KNOWS OR REASONABLY SHOULD HAVE KNOWN COULD CAUSE PERSONAL INJURY OR PROPERTY DAMAGE, HEREIN AFTER COLLECTIVELY REFERRED TO AS "33 U.S.C. § 1365(f)".**

The National Standards Enforcement Agency (hereinafter "Administrator") finds:

1. The above named Discharger is the owner and or operator of a facility (hereinafter "source") which is unlawfully discharging pollutants pursuant to 33 U.S.C. § 1365(f).

2. The case identifier and legal description of said discharging sources in violation are:

| | |
|---|---|
| Permit: | ☐ No  ☒ Yes; |
| Issuing Agency: | MOHAVE COUNTY DEPARTMENT OF HEALTH SERVICES, Environmental Health Division) |
| Source of Violation: | Source Parcel #: 111-15-201A; Legal Description; Tract Number: 2201; BLK 12; Lot Number: 11 |
| Street Address: | 3715 Totem Drive, Lake Havasu City, Mohave, AZ 86406<br>Owner ☒ Operator ☒; Source, Residential ☒ or Commercial ☐ |
| Type of Discharge: | ☒ OWTS; ☐ POTW; Other: Septic tank |
| Violation Start Date: | October 13, 1987;     Currently discharging? ☒ Yes |
| Total Days of Discharge Violation: | <u>8,000</u> PLUS |

| Permit: | ☐ No   ☒ Yes; |
|---|---|
| Issuing Agency: | MOHAVE COUNTY DEPARTMENT OF HEALTH SERVICES, Environmental Health Division |
| Source of Violation: | Source Parcel #: 111-15-201A; Legal Description; Tract Number: 2201; BLK 12; Lot Number: 12 |
| Street Address: | 3705 Totem Drive, Lake Havasu City, Mohave, AZ 86406<br><br>Owner ☒ Operator ☒;  Source, Residential ☒  or Commercial ☐ |
| Type of Discharge: | ☒ OWTS; ☐ POTW; Other: Septic tank |
| Violation Start Date: | March 1994;       Currently discharging?  ☒ Yes |
| Total Days of Discharge Violation: | 2,000 PLUS |

3. The discharge herein referenced is subject to compliance with statutes of 33 U.S.C. § 1251 et seq. (aka Clean Water Act) and more specifically 33 U.S.C. § 1311(a) pursuant to 33 U.S.C. § 1365(f) enforced under 33 U.S.C. § 1319.
4. 33 U.S.C. § 1311(a) states:

   **(a) Illegality of pollutant discharges except in compliance with law**
   Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful.

5. The above named Discharger shall comply with this order <u>within 30 days</u> pursuant to U.S.C. § 1319(a)(5)(A), hereinafter referred to as the "compliance date".

6. Failure to comply within 30 days will require the above named Discharger to make a good faith commitment in the form of an executed contract or other securities of necessary resources to achieve compliance by the earliest possible date after the compliance date pursuant to U.S.C. § 1319(a)(5)(B).

IT IS HEREBY ORDERED THAT, pursuant to 33 U.S.C. § 1365(f), the above named person shall comply with 33 U.S.C. § 1311(a) in accordance with the following schedule:

1. Provide an executed contract with an acceptable provider of technology, within 30 days, to enable compliance; or alternatively,
2. Execute the Discharger's Acknowledgement to provide a lien on each above defined property within 30 days in the amount of $25,000 to the benefit of:
   New Water Source Utilities – LHC [Bus License #10-00020774]
   PMB 107
   1642 McCulloch Blvd. N
   Lake Havasu City, AZ 86403

Failure to execute the below "Discharger's Acknowledgement" to comply with provisions of this Order may subject the Discharger to further enforcement action and referral to the Attorney General for injunctive relief and civil and or criminal liability.

2

**I, Walter B. Dulin, Executive Administrator**, of the National Standards Enforcement Agency, do hereby certify the foregoing is a full, true, and correct copy of an Order adopted by the National Standards Enforcement Agency on this 4th day of May, 2010.

_____

Executive Administrator

**Discharger's Acknowledgement;
Intent to Comply:**

_____

STATE OF ARIZONA        )
                        )        SS:
COUNTY OF MOHAVE        )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010 by the above signed.

_____

Notary Public

Print Name: _____                    seal

Exhibit C

## NATIONAL STANDARDS ENFORCEMENT AGENCY
### ADMINISTRATOR
(Authority pursuant to 18 U.S.C. §§ 1964(a), 1510, 1512-1513 and 33 U.S.C. § 1365)
### 1409 Kingsview Drive
### Granite Shoals, TX 78654

RECEIVED

MAY 2 4 10

RECEPTION DESK

### CEASE AND DESIST ORDER NO. 10-0524-YAGER
### Issued this 7th day of May, 2010
### UNDER AUTHORITY PURSUANT TO
### 33 U.S.C. §§ 1319 & 1365

### COMPLIANCE ORDER REQUIRING
### LAKE HAVASU CITY ATTORNEY/PROSECUTOR, HEREAFTER "DISCHARGER"
### CHARLES YAGER
### 2579 MARINER LN
### LAKE HAVASU CITY, ARIZONA  86403
USPS CERTIFIED # _____
PUBLIC OFFICIAL: ☐ No ☒ Yes; DATE OF OATH OF OFFICE: UNK
TO CEASE AND DESIST FROM DISCHARGING IN VIOLATION OF:

**33 U.S.C. §§ 1370, 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, OR 1345 OF THE UNITED STATES CODE TITLE 33 CHAPTER 26 - WATER POLLUTION PREVENTION AND CONTROL ("CHAPTER"), OR ANY CONDITION OF LIMITATION IMPLEMENTING ANY OF SUCH SECTIONS IN A PERMIT ISSUED UNDER SECTION 1342 OR ANY REQUIREMENT IMPOSED IN A PRETREATMENT PROGRAM APPROVED UNDER SECTION 1342(a)(3) OR 1342(b)(8) OF THE CHAPTER, OR NEGLIGENTLY OR KNOWINGLY INTRODUCES INTO A SEWER SYSTEM OR INTO A PUBLICLY OWNED TREATMENT WORKS ANY POLLUTANT OR HAZARDOUS SUBSTANCE WHICH SUCH PERSON ("DISCHARGER") KNOWS OR REASONABLY SHOULD HAVE KNOWN COULD CAUSE PERSONAL INJURY OR PROPERTY DAMAGE, HEREIN AFTER COLLECTIVELY REFERRED TO AS "33 U.S.C. § 1365(f)".**

The National Standards Enforcement Agency (hereinafter "Administrator") finds:

1. The above named Discharger, having authority authorized under 33 U.S.C. § 1370, is unlawfully discharging pollutants pursuant to 33 U.S.C. §§ 1365(f) & 1370.

2. Case identifier and legal description of said discharging source in violation is:

| | |
|---|---|
| Permit: | ☐ No  ☒ Yes;  Direct Discharge into POTW |
| Issuing Agency: | ADEQ |
| Source of Violation: | Source Parcel #: 108-17-130 |
| Street Address: | 3715 Totem Drive, Lake Havasu City, Mohave, AZ 86406 |
| Type of Discharge: | Owner ☒ Operator ☒;  Source, Residential ☒  or Commercial ☐ <br> ☒ OWTS; ☒ POTW w/o PRETREATMENT; Other: Septic tank |
| Violation Start Date: | October 26, 2004;     Currently discharging? ☒ Yes |
| Total Days of Discharge Violation: | 2,000 PLUS |

3. The discharge herein referenced is subject to statutory compliance with 33 U.S.C. § 1251 et seq. (aka Clean Water Act) and more specifically 33 U.S.C. § 1311(a) pursuant to 33 U.S.C. §§ 1365(f), 1370 and enforced under 33 U.S.C. § 1319.

4. 33 U.S.C. § 1311(a) states:

**(a) Illegality of pollutant discharges except in compliance with law**
Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful.

5. The above named Discharger shall comply with this order <u>within 30 days</u> in compliance with U.S.C. § 1370 pursuant to U.S.C. § 1319(a)(5)(A), hereafter known as the "compliance date".

6. Failure to comply within 30 days will require the above named Discharger to make a good faith commitment in the form of an executed contract or other securities of necessary resources to achieve compliance by the earliest possible date after the compliance date pursuant to U.S.C. § 1319(a)(5)(B).

IT IS HEREBY ORDERED THAT, under 33 U.S.C. §§ 1365(f) and 1370, the above named person shall comply with 33 U.S.C. § 1311(a) in accordance with the following schedule:

1. Provide an executed contract with an acceptable provider of technology, within 30 days, to enable compliance; or alternatively,

2. Execute the Discharger's Acknowledgement to provide a lien on above legally defined property(s) located within above defined jurisdiction within 30 days in the amount of $25,000 each to the benefit of:
   New Water Source Utilities – LHC [Bus License #10-00020774]
   PMB 107
   1642 McCulloch Blvd. N
   Lake Havasu City, AZ 86403

Failure to execute the below "Discharger's Acknowledgement" to comply with provisions of this Order may subject the Discharger to further enforcement action and referral to the undersigned Private Attorney General for injunctive relief and civil and or criminal liability.

**I, Dee Thomas Murphy, Department of Justice**, of the National Standards Enforcement Agency, do hereby certify the foregoing is a full, true, and correct copy of an Order adopted by the National Standards Enforcement Agency on this 7th day of May, 2010.

_____
Private Attorney General / Criminal Investigator
(18 USC 1503, 1512-13, 1964(a) & 33 USC 1251(e), 1365)

**Discharger's Acknowledgement;
Intent to Comply:**

_____

STATE OF ARIZONA          )
                          )     SS:
COUNTY OF MOHAVE          )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010 by the above signed.

_____
Notary Public

Print Name: _____                    seal